**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO CESAR CASTRO-SANCHEZ, | No.   19-71985 |
| Petitioner, | Agency No. A208-163-890 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022**

Before:   SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Julio Cesar Castro-Sanchez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Castro-Sanchez's contention that he should be excused from the one-year filing deadline for asylum pursuant to *Rojas v. Johnson*, 305 F. Supp. 3d 1176 (W.D. Wash. 2018), because he failed to raise it before the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).  In his opening brief, Castro-Sanchez does not otherwise raise and therefore waives any challenge to the BIA's determination that he abandoned his application for asylum. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  Thus, Castro-Sanchez's asylum claim fails.

Substantial evidence supports the BIA's determination that the harm Castro-Sanchez experienced did not rise to the level of persecution.  *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028-29 (9th Cir. 2019) (record did not compel finding that harm rises to the level of persecution).  Substantial evidence also supports the agency's determination that Castro-Sanchez did not establish a clear probability of future persecution in El Salvador.  *See Lanza v. Ashcroft*, 389 F.3d 917, 934-35

(9th Cir. 2004) (record did not compel a finding of clear probability of future persecution).

The BIA did not err in declining to consider Castro-Sanchez's arguments regarding the particular social group that he raised for the first time to the BIA. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (BIA did not err in declining to consider proposed social groups raised for the first time on appeal). We lack jurisdiction to consider Castro-Sanchez's contention that the IJ erred in the analysis of his particular social group claim. *See Barron*, 358 F.3d at 677-78.

Thus, Castro-Sanchez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Castro-Sanchez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**